ECHOLS vs. THE STATE OF GEORGIA.

While the conviction in this case was based upon circumstantial evidence, the facts shown were sufficient to exclude every other reasonable hypothesis than that of the defendant's gilt.

December 22, 1888.

Criminal law. Evidence. New trial. Before Judge HARRIS. Coweta superior court. March term, 1888.

Dilly Echols was tried on a charge of having murdered her child. On the trial the State showed as follows : The child was found, about the middle of February, 1888, in an old dry well. Its skull had been fractured in two places, and there was a cord tied around its neck so tightly as to cut into its skin. It

seemed to have been dead ten or twelve days, possibly
a fortnight. It was fully developed in every particular;
and the opinion of the medical witness who examined
it at the inquest was, that it was born alive. Its lungs
were natural and perfectly sound, inflated, and filled
their proper place in the body, though not to their
utmost capacity. The heart was not abnormal. The
dry well was only a few yards from a house in which
the defendant lived up to the time the child was prob-
ably born. The defendant was far advanced in preg-
nancy before the child was discovered, and her appear-
ance indicated that she had been delivered of a child
before the discovery of this infant. On the sixth of
February, an officer, who went to her house to serve a
distress warrant, told her that he would not move her
things because of her condition; and she made no reply.
She was not a married woman, although she had one or
two children. At the time of the officer's visit, she
seemed to be heavy with child. On February 11th, the
officer returned to her house and found a mass of blood
all over the mattress on the bed, and on the floor under
it where it had run through the mattress. There were
ashes on that under the bed. Shortly afterwards on
the same day, the officer saw her, and she said she had
moved. She looked so changed that he did not know
her, and was not as large by a great deal as on the pre-
vious morning. The house in which she lived was the
nearest house to the well. There was testimony that
defendant was the only woman in the neighborhood
who had recently been in a pregnant condition, except
one whose child was born after the finding of the
murdered infant. Defendant was walking about selling
greens on the Saturday mentioned. During the week
when the infant was probably killed, or shortly after,
a witness saw defendant washing clothes, which were

very bloody; and when defendant was asked whose they were, she returned no answer. She denied having given birth to a child; had no infant with her after the signs of pregnancy had disappeared.

She introduced no evidence and made no statement. The jury found her guilty, with a recommendation to mercy. She moved for a new trial on the grounds that the verdict was contrary to law and evidence and without evidence to support it. The motion was overruled, and she excepted.

P. F. SMITH and WILCOXON & WRIGHT, for plaintiff in error.

H. M. REID, solicitor-general, for the State.

SIMMONS, Justice.

Dilly Echols was tried and convicted on the charge of having murdered her child. She made a motion for a new trial, on the ground that the verdict was contrary to law and to the evidence, and without evidence to support it; which motion the court overruled, and she excepted. The facts of the case will be found in the official report.

The only ground urged before us for reversal of the judgment of the court below was, that the evidence did not show that the child found in the dry well was the child of the accused. We have carefully read the evidence in the case, and while there is no direct evidence that the child was hers, we think the facts and circumstances of the case show with sufficient clearness that it was her child. The fact of her advanced pregnancy a short time before the dead child was discovered; the great amount of blood on her bed-clothing and mattress, the blood having run through the mattress on the floor,

where it was covered up with ashes; the fact that she was seen shortly afterwards washing her clothes, which were very bloody, and her refusal to say whose clothes they were; the fact that the child was found in a dry well within twenty-five or thirty yards of the house in which she lived; the fact that there was no other woman in that neighborhood so far advanced in pregnancy; the fact that she was seen one day apparently in a very advanced stage of pregnancy, and that a few days thereafter she showed no signs of pregnancy; the fact that she had no infant with her after the signs of pregnancy had disappeared, and denied having given birth to a child, and the further fact that she did not undertake to explain any of these things, all go to show to our minds that the dead child was hers. These facts were sufficient, in our opinion, to exclude every other reasonable hypothesis but that of her guilt.

Judgment affirmed.